IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROHAN A. WALTERS,         ) | |
|     Plaintiff,         ) | Civil Action No. 7:05CV00803 |
|              ) | |
| v.         ) | **MEMORANDUM OPINION** |
|              ) | |
|              ) | By Hon. Glen E. Conrad |
| **FEDERAL BUREAU OF PRISONS,**   ) | United States District Judge |
|     Defendant.         ) | |

The plaintiff, Rohan A. Walters, a federal inmate proceeding pro se, has filed this action as a motion for temporary restraining order or preliminary injunction. Because the plaintiff alleges that federal officials have violated his civil rights, and are continuing to do so, the court also construes the plaintiff's motion for injunctive relief as a civil rights action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Having reviewed the plaintiff's complaint, the court concludes that the plaintiff has failed to state a claim upon which relief may be granted. Therefore, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915A(b)(1).[1]

## Background

The plaintiff is presently incarcerated at the United States Penitentiary in Jonesville, Virginia. In his first claim, the plaintiff alleges that his due process rights were violated at a prison disciplinary hearing held on June 29, 2005. Specifically, the plaintiff alleges that he was denied the right to submit a memorandum in his defense, that he was not permitted to call staff representatives who could have narrated an "assessment of video surveillance," and that he was

---

[1] Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted.

denied the right to call an exculpatory witness. The plaintiff states that as a result of the disciplinary hearing, he was placed in segregation.

In his second claim, the plaintiff alleges that he has been exposed to unconstitutional conditions of confinement. In an affidavit attached to his complaint, the plaintiff alleges that he was placed in a two-man cell on August 31, 2005, which already housed two inmates. On September 13, 2005, the plaintiff was placed in segregation for 75 days. The plaintiff further alleges that on November 2, 2005, the Federal Bureau of Prisons implemented a policy prohibiting inmates from flushing their own toilets. Instead, correctional officers flush the inmates' toilets during their hourly patrol. The plaintiff alleges that because the toilets are only flushed every hour, "the urine and defecation smell [has] intensified," and inmates have become "agitated and stressed."

## Discussion

1. Due Process Claim

As previously stated, Walters first alleges that his due process rights were violated at a prison disciplinary hearing. A prison disciplinary action implicates a liberty interest requiring due process safeguards when the punishment imposed inflicts an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 414 U.S. 472, 484 (1995). Having reviewed the plaintiff's allegations, the court concludes as a matter of law that his placement in segregation did not implicate a protected liberty interest. See Beverati v. Smith, 120 F.3d 500, 504 (4th Cir. 1997) (holding that conditions of confinement in segregation did not implicate a liberty interest where the inmates alleged that their cells were infested with vermin and smeared with urine; that no outside recreation was permitted; that there

were no religious services available; and that food was served in considerably smaller portions). Because the plaintiff does not possess a liberty interest in avoiding confinement in segregation, he is not entitled to due process protections.

    2.    Eighth Amendment Claim

The plaintiff also alleges that he has been exposed to unconstitutional conditions of confinement. The Eighth Amendment to the United States Constitution protects inmates from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337 (1981). However, an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement. Id. at 347. In order to state a claim of constitutional significance, an inmate must allege facts which show that he has either sustained a serious or significant physical or emotional injury resulting from the challenged conditions of confinement, or that the conditions have created an unreasonable risk of serious injury. Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993). An inmate must also allege facts which show that prison officials acted with deliberate indifference. Id. at 1379.

Applying these principles to the plaintiff's allegations, the court concludes that the plaintiff has failed to state a claim under the Eighth Amendment. The plaintiff does not allege that he suffered any adverse effects from being placed in a full, two-man cell, much less any physical or emotional injury. Moreover, while the new flushing policy may be inconvenient, and at times, result in uncomfortable conditions, there is no indication that the policy poses an unreasonable risk of serious harm to the plaintiff.

For the reasons stated, the court concludes that the plaintiff's complaint fails to state a

claim upon which relief may be granted.[2] Accordingly, the court will dismiss the plaintiff's complaint pursuant to 28 U.S.C. § 1915A(b)(1). The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendant.

**ENTER**: This 4th day of January, 2006.

/s/ Jackson L. Kiser
United States District Judge

---

[2] Having reached this conclusion, the plaintiff's motion for a temporary restraining order or preliminary injunction will be denied.